McCamy *v.* Key.

THOS. B. McCAMY *et als. v.* D. M. KEY *et als.*

1. CHANCERY PRACTICE AND PLEADING. *Enforcement of attorney's lien. Administrator not a necessary party.* An administrator is not a necessary party to a bill filed by an attorney to enforce a specific lien on land for professional services.

2. SAME. *Same. Non-resident. Affidavit.* A bill to enforce such lien against a non-resident is not required to be sworn to. The affidavit as to the non-residence of defendant may be before the master at rules.

FROM HAMILTON.

Appeal in error from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

N. BURT and E. M. DODSON for complainants.

KEY & RICHMOND for defendants

MCFARLAND, J., delivered the opinion of the court.

This bill was filed July 19, 1876, alleging in substance as follows: That complainants are the heirs of S. R. McCamy, who died in the year 1874, in the State of Georgia, where he resided, and where complainants have since resided.    That he was the owner of a certain lot in Chattanooga, in this State; that on the 18th of December, 1874, D. M. Key, S. A. Key and M. H. Clift filed their bill in the chancery court at Chattanooga against complainants, alleging that said S. R. McCamy was indebted to them for professional services in an action of ejectment in the circuit court of Hamilton county, and in the Supreme Court at Knoxville, in the case of Calloway's heirs against said McCamy, in which there was a recovery in favor of said McCamy of the lot in question, the amount of their fees being specified in their bill, and their bill further averring that the circuit court, upon the termination of the cause in 1873, declared a lien in their favor upon the lot for their reasonable fees.    That said bill prayed for an order of publication, the appointment of a guardian *ad litem* for such of the complainants as were minors, and a decree for the sale of the lot in bar of the equity of redemption to satisfy their demands.    That said bill was not sworn to, "no affidavit being attached to the proceedings."    Nevertheless, publication was made against complainants as non-residents.    E. M. Dodson was appointed guardian

McCamy *v.* Key.

·ad *litem* for the minors who answered, but there was no appearance by the adults, a· decree *pro confesso* being entered against them. Proof was taken and a decree in favor of the complainants in the cause, and the lot sold, and purchased by J. H. and C. W. Coker for $590, its real value being $2,000. It is charged that the decree is void, first, because there was no administration upon the estate of said S. R. McCamy, that the lien was for no stipulated sum, and no proof of lien. Second, because the bill was not sworn to, and various reasons are then set forth why this defect was fatal to the proceeding. The proceedings in said cause are referred to as if fully set out. Said Cokers have for some time been in possession of the lot. That they had also purchased said lot under execution sale for costs in said circuit court for a mere nominal sum, and had taken a sheriff's deed, which, it is charged, was void because the sale was made after the return day of the execution.

The bill then further charges that on the 16th of March, 1874, V. A. Gaskill filed in the same court his original and attachment bill against said lot and Samuel R. McCamy in his lifetime to collect an alleged indebtedness. The cause was revived against complainants, a special administrator appointed, the lot sold and purchased by C. R. Gaskill, and title vested. At this sale the lot only brought $300, on account of the alleged title of the Cokers, and it was hoped that the matter between V. A. Gaskill and the Cokers would be compromised, said Gaskill having obtained an opening of the biddings and advanced upon the

bid of the Cokers; this, however, was erroneously done at a special term of the court instead of at the regular term at which the sale to the Cokers was confirmed. Under the circumstances C. R. Gaskill admits that in equity he holds as trustee for those entitled to the lot or proceeds after being reimbursed. The prayer is that the proceeding under the bill of D. M. Key and others be declared void, the title of the Cokers a cloud upon complainant's title; that C. R. Gaskill be declared a trustee, and the lot sold for the payment of the debts of S. R. McCamy, and for distribution, with an account of rents and taxes. A demurrer filed in behalf of the complainants in the first named cause, and the Cokers was sustained and the bill dismissed.

It will be observed that there are really but two grounds of attachment upon the proceedings in the first named case of D. M. Key *et als.*, namely: First, that there was no administrator upon the estate of S. R. McCamy; and second, that the bill was not sworn to. As to the first ground, it was not a bill to administer the estate of a non-resident in the chancery court under our statutes, but a bill to enforce a specific lien upon certain real estate. The lien claimed has been recognized and enforced by this court, that is a lien in favor of the attorney upon the lands recovered for his client. *Hunt* v. *McClannahan*, 1 Heis., 503. Such lien being specific and fixed, must be regarded as in the nature of a mortgage, and inasmuch as the administrator of a mortgagee is not a necessary party to a bill to foreclose (Sto. Eq. Pl., sec. 175),

McCamy *v.* Key.

it would follow that an administrator in this case was not a necessary party. Much more must this be so when, as in this case, the domicil of the mortgagor or owner, and the general administration of his estate was in another State, and it not being shown that there were any personal assets or administration in this State, or any relief asked except against the specific property, upon which the lien was claimed. Again, if it were even conceded to have been error to proceed without an administration, it does not follow that the proceeding was void.

Upon the second point, the sections of the Code referred to in relation to the sale of property of persons under disability have no application to a case of this character. There is no positive requirement that a bill of this character should be sworn to. To dispense with personal service of process, however, publication should be made, and to authorize this the fact of non-residence should be stated under oath in the bill, or separate affidavit. The order of publication, however may be made, and in fact should be made, by the master at rules, and the affidavit of non-residence could well be made before him, and the absence of such an affidavit from the record would not render the entire proceedings void, especially where, as in the present bill, it is admitted that the names and residence of the parties were correctly stated, and that the publication was in fact made, and where the justice and merit of the claim is not denied.

It may be conceded that the case was one where the judgment *pro confesso* against the non-resident only

made an issue, and the complainants were required in addition to make out their case by proof, but we cannot in this proceeding look into the former case to see if it was well proven. Nor need we inquire whether the complainants, under the savings of our statutes in favor of non-residents, might not have had relief by coming in within the time prescribed and asking leave to defend in the original cause. They did not see proper to take this course.

The demurrer was properly sustained, and the decree will be affirmed with costs.